UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIAN MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| BP PRODUCTS NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Brian Mills ("Mills"), brings this action against Defendant, BP Products North America, Inc. ("Defendant"), for unlawfully violating his rights as protected by the Americans With Disabilities Act ("ADA").

## PARTIES

2. Mills has resided within the Northern District of Indiana at all relevant times.

3. Defendant operates and conducts business within the Northern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; and 42 U.S.C. § 12117.

5. Mills is an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

7. Mills is a qualified individual with a disability, has a record of a disability, and/or was regarded as disabled by Defendant.

8. Mills satisfied his obligations to exhaust his administrative remedies, having timely filed two Charges of Discrimination with the Equal Employment Opportunity Commission. The

EEOC issued right-to-sue notices to Mills. He now timely files his lawsuit.

9. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10. Defendant hired Mills to be an Instrumentation Electrical Analyzer Technician in or about March 2014, which position he held when he commenced a medical leave in or about September 2021.

11. Mills began a short-term disability leave for his disability in or about September 2021. His debilitating visual disability prevented him from driving to work.

12. Per the collective bargaining agreement between Defendant and the United Steelworkers ("USW"), Mills remained an employee of Defendant for two years while on medical leave with the eligibility to return as an active employee.

13. In or about October and November 2021, Mills communicated about potential reasonable accommodations, including remote work, with Defendant's management, including, but not limited to, Analyzer Supervisor Randy Webb ("Webb"), Craft Team Leader Shawn Ballentine ("Ballentine"), and Vice President of Refining Donnie Brown ("Brown"). His communications constituted requests for a reasonable accommodation.

14. Defendant acknowledged Mills' communications but did not engage in the interactive process with him and did not proffer an alternative accommodation to him in or about October and November 2021.

15. On or about December 21, 2021, Mills emailed Ballentine about returning to work with potential accommodations, including, but not limited to, remote work and carpooling. He planned to arrange carpooling with other employees if Defendant reinstated him to his former position. Ballentine disregarded his email, did not engage in the interactive process with him, and

did not provide an alternative accommodation to him.

16. Mills' doctor had submitted medical paperwork to Defendant in or about early December 2021 with his restrictions and recommended accommodations.

17. Between in or about January and November 2022, Mills communicated about potential reasonable accommodations with Defendant's management and human resources employees, including, but not limited to, Webb, Ballentine, Maintenance and Reliability Manager Luiz Aguilar, Vice President of People and Culture Brad Rajek ("Rajek"), Medical Director Kevin O'Shea ("Dr. O'Shea"), and Lead People Adviser Christine Schmucker ("Schmucker").

18. The requested accommodations included, but were not limited to, remote work, computer work, reinstatement to his former position, and reassignment to another position (whether union or non-union) consistent with Mills' seniority, restrictions, and qualifications. He had arranged carpooling with other employees so that he could return to work in his former or another position.

19. Defendant disregarded Mills' accommodation requests, did not engage in the interactive process, and did not proffer an alternative accommodation between in or about January and July 2023.

20. Instead, on or about February 22, 2022, Dr. O'Shea informed Mills that Defendant could not accommodate his restrictions of no driving and climbing, notwithstanding the fact that driving and climbing are not essential functions of his job.

21. On or about February 28, 2022, Dr. O'Shea advised Mills that all permanent restrictions would have to be lifted before he could return to employment with Defendant. Rajek reaffirmed, by email, Dr. O'Shea's position on or about May 13, 2022. Dr. O'Shea and Defendant's management and human resources employees did not proffer any other accommodation.

22. Defendant applied a zero-restriction policy to Mills that prevented him from working

with a reasonable accommodation. *See Steffen v. Donahoe*, 680 F.3d 739, 748 (7th Cir. 2012)("Since a '100% healed' rule prevents individual assessment, it necessarily operates to exclude disabled people that are qualified to work, which constitutes a *per se* violation."); *see Powers v. USF Holland, Inc.*, 667 F.3d 815, 819 (7th Cir. 2011)("[A]ll courts 'agree that a 100% rule is impermissible as to a *disabled* person. . . .'")(quoting *Henderson v. Ardco, Inc.*, 247 F.3d 645, 653 (6th Cir. 2001)(emphasis in original).

23. The ADA requires employers to appoint disabled employees to vacant positions consistent with their qualifications and restrictions, provided that such reassignment would not create an undue hardship or run afoul of a collective bargaining agreement. *See Equal Employment Opportunity Commission v. United Airlines*, 693 F.3d 760, 764-765 (7th Cir. 2012).

24. Mills' ongoing requests for reassignment to a vacant position constituted requests for a reasonable accommodation that would have created no undue hardship and did not run afoul of the collective bargaining agreement between the USW and Defendant.

25. Mills has asked multiple times for reassignment to vacant positions as a reasonable accommodation since in or about November 2021.

26. Rather than place Mills into a vacant position consistent with his restrictions and qualifications as a reasonable accommodation, Defendant forced him to apply for multiple positions. The positions have included, but are not limited to, Safety and Operational Learning Senior Advisor, Team Assistant, Facilities Engineer, Reliability Engineer, Instrumentation Engineer, Environmental Compliance Advisor, Pipelines Panner Scheduler, Regulatory Technologist, and South Tank Field Engineering Assistant. Section 16.22.7 of the collective bargaining agreement provided in relevant part: "Any employee who is otherwise an eligible bidder but who is absent because of vacation or sick leave will be considered a bidder for a posted vacancy that occurs in his absence provided he

notifies the Human Resources Division during his absence of his desire to be considered for any vacancy for which he is eligible."

27. Mills applied internally for positions between in or about January and March 2022 and then Defendant forced him to apply as an external candidate between in or about March 2022 and July 2023, even though, per the collective bargaining unit, he remained a Defendant employee.

28. Mills notified Human Resources each time he applied for a position.

29. Mills lost his ability to apply as an internal applicant when Defendant terminated his corporate email access.

30. Mills asked that his corporate email access be restored or, at the very least, Defendant notify him of internal vacancies so that he could apply as an internal applicant, but Defendant summarily rejected his requests.

31. Defendant's primary response to Mills about his requests for reasonable accommodations is that his short- and long-term disability leaves served as an accommodation provided by Defendant to him.

32. An extended disability leave is not a reasonable accommodation under the ADA. *See Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476 (7th Cir. 2017).

33. Defendant has refused to reassign Mills to a vacant position as a reasonable accommodation.

34. Defendant has not engaged in the interactive process with Mills about reassignment as a reasonable accommodation. Instead, Defendant has accorded him the benefit of being treated as any other applicant for positions.

35. For instance, on or about October 17, 2022, People and Culture Advisor Danielle Bertin emailed Mills that he would be "considered [for roles] in an equal fashion as other candidates." Schmucker had previously affirmed this position to Mills.

36. Mills complained several times about disability discrimination, including on or about April 10, 2022, and June 2, 2022. Defendant took no legitimate action to remedy the disability discrimination.

37. Mills asked for multiple reasonable accommodations, both verbally and by email, but Defendant rejected his requests without engaging in the interactive process with him or proffering alternative accommodations.

38. Defendant took adverse employment actions against Mills because of his disability, his record of a disability, its perception of him being disabled, and/or his statutorily-protected conduct (asking for a reasonable accommodation and complaining about disability discrimination).

39. Defendant has accorded more favorable treatment to comparators outside of Mills' protected classes.

40. Any reason proffered by Defendant for the adverse actions it took against Mills is pretextual.

41. Mills has suffered injury as a result of Defendant's unlawful actions, including, but not limited to, lost wages, lost benefits, emotional distress, inconvenience, humiliation, embarrassment, anger, disgust, frustration, and similar emotions as a result of its unlawful acts.

## COUNT I

## DISABILITY DISCRIMINATION – ADA

42. Mills hereby incorporates paragraphs 1-41 of his Complaint.

43. Mills asked for reasonable accommodations.

44. Defendant has not provided a reasonable accommodation to Mills to enable him to return to work.

45. Mills remains on disability leave.

46. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mills' rights as protected by the ADA.

## COUNT II

## DISABILITY DISCRIMINATION – ADA

47. Mills hereby incorporates paragraphs 1-46 of his Complaint.

48. Defendant has taken adverse employment actions against Mills because of his disability, record of a disability, and/or its perception of him being disabled.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mills' rights as protected by the ADA.

## COUNT III

## RETALIATION – ADA

50. Mills hereby incorporates paragraphs 1-49 of his Complaint.

51. Mills engaged in statutorily-protected activities.

52. Defendant has taken adverse employment actions against Mills because of his statutorily-protected activities.

53. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Mills' rights as protected by the ADA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Brian Mills, by counsel, respectfully requests that this Court find for him and order that:

      1.      Defendant pay lost wages and benefits to Mills;

      2.      Defendant reinstate Mills to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to him in lieu of reinstatement;

      3.      Defendant pay compensatory and punitive damages to Mills;

      4.      Defendant pay pre- and post-judgment interest to Mills;

      5.      Defendant pay Mills' attorneys' fees and costs incurred in litigating this action; and

      6.      Defendant pay to Mills any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson  
Bradley L. Wilson, Attorney No. 21154-49

/s/ Shannon L. Melton  
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff  
Brian Mills

WILSON MELTON, LLC  
5226 South East Street, Suite A-5  
Indianapolis, Indiana 46227  
Telephone: (317)802-7181  
Email: bwilson@wilsonmelton.com  
         smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Brian Mills, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Brian Mills